```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHENELLE SAINTIL and DENISE SAINTIL,
                                                :
                      Plaintiffs,
                                                :    Case No. 7:22-cv-09857-CS
           v.
                                                :
COMMUNITY HOUSING MANAGEMENT
CORP., MADISON HOUSING DEVELOPMENT               :
FUND COMPANY, INC., MADISON HOUSE
APARTMENTS, LLC, and JOSE FELICIANO,             :
CINDY MAURO, and EUGENE CONROY,
in their individual and corporate capacities and :
as aiders and abettors,
                                                :
                      Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

## PROTECTIVE ORDER

All parties to the above-captioned matter (the "Action") having requested that the Court issue a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect the confidentiality of certain information that may be disclosed in connection with discovery in this case, the parties having agreed to the following terms, and the Court having found that good cause exists for issuance of a protective order, it is therefore hereby

ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants—shall adhere to the following terms:

1.      Either party may designate documents produced, or testimony given, in connection with this action as "Confidential," either by notation on the document

as either "CONFIDENTIAL," or written notice to the respective undersigned counsel for the parties hereto. Wherein any Confidential Information is designated or copied, all copies thereof shall be marked with the appropriate designation. If a party seeks to designate deposition testimony Confidential, it must mark the specific lines of the transcript as Confidential within 21 days of receipt of the transcript and provide the so-marked transcript to all parties. Until such 21-day period has lapsed, the entire transcript shall be treated as Confidential.

    2.    As used herein:

        a.    **"Confidential Information"** shall mean and refer to all documents, electronically stored information, responses to document or information requests, information on magnetic media, computer tapes, computer disks, hard copies or printouts derived from computer tapes or computer disks, or individual portions thereof, or other testimony or information which a Party designates "CONFIDENTIAL" at the time of its disclosure, in the manner set forth in this Protective Order, and which that Party alleges includes non-public personal, medical, proprietary or otherwise sensitive information, including but not limited to social security numbers, personal email addresses or personal telephone numbers, home addresses, trade secrets,

      competitively sensitive or confidential business information, non-public research and analysis, non-public financial information, "non-public personal information" or "confidential health information," as defined in the Health Insurance Portability and Accountability Act ("HIPAA") and/or any other applicable state or federal law or regulation concerning confidential health information, medical records and/or private personal information.

b. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with Rule 2(A) of Judge Seibel's Individual Practices.

c. **"Providing Party"** shall mean the parties to this Action and any third parties producing "Confidential Information" in connection with depositions, document production or

        otherwise, or the party asserting the confidentiality privilege, as the case may be.

        d.    **"Receiving Party"** shall mean the party to this Action and/or any non-party receiving "Confidential Information" in connection with depositions, document production or otherwise.

3.    In the event that any Party inadvertently discloses or produces any document that is privileged, non-responsive, or otherwise exempt from disclosure or production, it shall not constitute a waiver of any and all privileges applicable to that or any other document.  Any party who realizes that an inadvertent disclosure has occurred must immediately notify, in writing, all other Parties of the inadvertent disclosure.  Once such notification is given, the Party receiving notice must take steps to ensure inadvertently produced or disclosed documents are not disclosed to any person or used for any reason without prior approval and consent of the Court.  Any Party seeking the approval and consent of the Court for disclosure or use of such documents shall follow the procedures set forth in paragraph 13.

4.    Except with the prior written consent of the Providing Party or by Order of the Court, Confidential Information, copies thereof, information contained therein and any notes, abstracts, summaries, analyses or reports pertaining thereto may be inspected by or revealed to only the following "Qualified Persons":

a. Parties to this Action and any officer, director, employee, trustee, partner, or in-house legal personnel for a Party who is responsible for assisting counsel in the Action;

b. Outside counsel and in-house counsel for the Parties in this Action, including regular employees who provide assistance for purposes of discovery, litigation, preparation for trial, and/or trial of this Action as a part of their regular job duties.

c. Any expert retained or consulted by a Party for the purpose of obtaining such expert's advice or opinion regarding issues in the Action, but only to the extent necessary for the expert to provide such advice or opinion and provided the expert has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

d. Witnesses who may testify in the Action, provided that the material disclosed is within the scope of the subject of their testimony and provided the witness has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A. Any party who produces a witness for a deposition shall have the responsibility of obtaining that witness's signed Agreement in advance of the deposition, and providing it to all parties in advance of the deposition.

e. Any vendor utilized by a Party in this matter;

f. Any other person who is designated a Qualified Person by order of this Court or further agreement of the Parties;

g. The Court and any personnel necessary to facilitate the Action, including, but not limited to: stenographic reporters and clerical and/or administrative personnel; and

h. Any other person to whom the Parties agree in writing and provided the witness has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

5. Any material that ultimately receives an attorneys' eyes only designation may be inspected by or revealed to only the following Qualified Persons:

    a. Outside counsel and in-house counsel for the Parties in the Action, including regular employees of counsel who provide assistance for purposes of discovery, litigation, preparation for trial, and/or trial of this Action as a part of their regular job duties.

    b. The Court and any personnel necessary to facilitate the instant Action, including, but not limited to: stenographic reporters and clerical and/or administrative personnel; and

    c. Any expert retained or consulted by a Party for the purpose of obtaining such expert's advice or opinion regarding issues in the Action, but only to the extent necessary for the expert to provide such advice or opinion and provided the expert has signed an Agreement to Maintain Confidentiality in the form attached hereto as Exhibit A.

6. All Confidential Material shall be used solely for purposes of this Action. Nothing in this Protective Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this Action.

7. The inadvertent failure to designate material as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality as to such matter, and the same thereafter may be corrected by supplemental written notice, and the designating party shall provide a new production to all parties of the documents or information bearing the appropriate designation of Confidential Information. It

shall not be deemed a violation of the Protective Order to have disclosed information not designated as "CONFIDENTIAL" that is subsequently so designated if disclosure was made prior to such designation.  Any failure of the Parties to designate a document or information as "CONFIDENTIAL" shall not be deemed a waiver of any claim of confidentiality that the Parties would otherwise be entitled to invoke against a non-party to this Action.

8. Deposition testimony and the transcripts and video recordings of depositions and/or the exhibits thereto, conducted during pretrial discovery, shall be treated as Confidential for a period of thirty (30) days, or for as many days as the parties shall agree, after receipt of such deposition transcripts and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any specific Confidential designations.  Such designations shall include the transcript page and line number, and such pages and line number shall be clearly designated as Confidential and the designating party shall produce a so-designated copy of the transcript to all parties. Also, video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.  Any party taking a videotaped deposition in this matter shall also have the deposition stenographically recorded.

9. Any document production that may contain "non-public personal information" or "confidential health information" (as defined in HIPAA and/or other

applicable state or federal law or regulation concerning confidential health information) may be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION" or "MAY CONTAIN CONFIDENTIAL HEALTH INFORMATION" as applicable.  If a producing party encrypts or "locks" the production, the producing party shall simultaneously send, under separate cover, an explanation of how to decrypt the files.  The producing party may also redact any non-relevant information protected by HIPAA and shall label any such redaction as "CONFIDENTIAL HEALTH INFORMATION" or "CHI."  The producing party will produce a redaction log identifying the basis for all redactions.

      10. In the event that a Qualified Person is requested to produce Confidential Material, outside of the Action, pursuant to a request for production of documents or information, interrogatory, request for admission, subpoena, deposition or other form of discovery, the Qualified Person will notify the designating party and provide the designating party with a reasonable opportunity to object or file a motion to quash prior to disclosure of any Confidential Material. In the event that a Qualified Person receives a request to produce any Confidential Information or Material, or if a Qualified Person is served with a motion to compel production of documents or information or a subpoena (in the event that the subpoena may not be objected to) that demands the disclosure of such material,

they will immediately notify the designating party of the request, demand, motion, or subpoena. The Qualified Person will allow the designating party thirty (30) days, or the maximum amount of time available, to contest its disclosure. The Qualified Person will use reasonable efforts to obtain assurances that confidential treatment will be accorded to such information.

11. Information shall be designated as "CONFIDENTIAL" only upon a good-faith belief that the information falls within the scope of information subject to protection, under the definitions set forth above.

12. No party shall be obligated to challenge the propriety of a designation of information as Confidential Information when initially received, and a failure to do so shall not preclude a subsequent challenge thereto.

13. A Receiving Party objecting to the designation of a document, information, or testimony as "CONFIDENTIAL" shall so notify the Providing Party in writing setting forth with specificity the information that he or she contends is not confidential and attempt to resolve the dispute. If this attempt is not successful, the Receiving Party may file an application with the Court for ruling that the document, information, or testimony not be treated as "CONFIDENTIAL." The burden of establishing the legitimacy of the confidential designation, shall at all times remain on the Providing Party. Except as provided above, until the Court enters an order, if any, changing the designation of the document or testimony, it

shall be given the "CONFIDENTIAL" treatment initially assigned to it and provided for in this Protective Order.

14. In the event any party seeks to use any Confidential Information or any papers containing or making reference to the contents of such material or information, in any pleading or document filed with the Court in this Action, the Parties will follow the process set forth in Rule 11 of Judge Seibel's Individual Practices.

15. All Qualified Persons shall be informed prior to disclosure of any Confidential Information, of the nature and scope of this Protective Order, and his or her obligations under this Protective Order. No person receiving Confidential Information shall disclose it to any person other than those described in paragraphs 4 and 5 and for the purposes specified in this Protective Order, and in no event shall such person make any other use of such "Confidential" Material.

16. Copies of all executed Agreements to Maintain Confidentiality shall be maintained by counsel

17. Nothing contained in this Protective Order shall be construed to prevent any party from making applications to the Court for revision of the terms of this Protective Order.

18. Nothing herein shall:

    a. operate as an admission by any Party that any particular discovery material contains or reflects trade secrets, nonpublic

     proprietary or commercial information or other confidential matters;

  b. prejudice in any way the rights of any Party to object to the production of documents it considers not subject to discovery;

  c. prejudice in any way the rights of a Party to seek a Court determination:

    i. whether particular discovery materials shall be produced; or

    ii. if produced, whether such material should be subject to the terms of this Protective Order;

  d. prejudice in any way the rights of a Party to apply to the Court for a further protective order relating to any Confidential Information;

  e. prejudice in any way the right of a Party to seek relief from a provision of this Protective Order; or

  f. operate as a waiver of the Parties rights under New York law.

19. All documents, transcripts, magnetic media, or portions thereof, as well as any copies, designated "CONFIDENTIAL" pursuant to this Protective Order shall be returned to the Providing Party within forty-five (45) days of the conclusion of this Action, or at the option of counsel, destroyed (and certified by affidavit as having been destroyed).  All databases and similar compilations of information shall be destroyed and such destruction shall be certified to by counsel for the obtaining Party and by Qualified Persons identified in paragraphs 4 and 5 above.  In

accordance with professional obligations, Counsel is permitted to maintain a working file that contains "CONFIDENTIAL" materials.

20. This Protective Order shall be effective immediately and shall survive the conclusion of this Action. The Court shall retain jurisdiction to enforce the terms of this Protective Order for so long as it remains in force.

21. This Protective Order may be signed in counterparts, and PDF, electronic and facsimile signatures shall be deemed originals herein.

Dated:  New York, New York
   July 21, 2023

| GRECO LAW FIRM, P.C. | PADUANO & WEINTRAUB LLP |
|---|---|
| By: /s/ Marc Wayne Garbar<br>  Marc Wayne Garbar | By: /s/ Noah H. Bunzl<br>  Meredith Cavallaro<br>  Courtney Fain<br>  Noah H. Bunzl |
| 1599 Highway 34, Suite 2<br>Wall, New Jersey 07727<br>(732) 704-4020<br>mgarbar@grecolaw.com | 1251 Avenue of the Americas, 9th Floor<br>New York, New York 10020<br>(212) 785-9100<br>mc@pwlawyers.com<br>cf@pwlawyers.com<br>nhb@pwlawyers.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants Madison House Apartments, LLC and Madison Housing Development Fund Company, Inc.* |
| LAW OFFICE OF BHAVLEEN SABHARWAL, P.C. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| By: /s/ Bhavleen Kaur Sabharwal<br>  Bhavleen Kaur Sabharwal | By: /s/ Jeffrey Spiegel<br>  Jeffrey Spiegel |
| 261 Madison Ave., Suite 1004<br>New York, NY 10016<br>bsabharwal@bsablaw.com | 77 Water Street, Suite 2100<br>New York, New York 10005<br>(212) 232-1300<br>jeffrey.spiegel@lewisbrisbois.com |
| *Attorneys for Defendants Community Housing Management Corp., Cindy Mauro and Eugene Conroy* | *Attorneys for Defendant Jose Feliciano* |

SO ORDERED.

_____  7/21/23
CATHY SEIBEL, U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
CHENELLE SAINTIL and DENISE SAINTIL,
:
         Plaintiffs,
:   Case No. 7:22-cv-09857-CS
   v.
:
COMMUNITY HOUSING MANAGEMENT
CORP., MADISON HOUSING DEVELOPMENT  :
FUND COMPANY, INC., MADISON HOUSE
APARTMENTS, LLC, and JOSE FELICIANO,  :
CINDY MAURO, and EUGENE CONROY,
in their individual and corporate capacities and  :
as aiders and abettors,
:
         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## **AGREEMENT TO MAINTAIN CONFIDENTIALITY**

The undersigned hereby acknowledges and says:

I hereby attest to my understanding that information or documents designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" are provided to me pursuant to the terms and conditions and restrictions of the Protective Order ("the Order") dated _____, 2023 in the above-styled Action; that I have been given a copy of and have read the Order, and that I hereby agree to be bound by its terms. I also understand that my execution of this Agreement to Maintain Confidentiality, indicating my agreement to be bound by the Order, is a prerequisite to my review of any produced materials, as defined in the Order.

I further agree that I shall not disclose to others, except in accordance

with the Order, such information or documents, including notes or other memoranda or writings regarding information contained therein, and that such information or documents shall be used only for the purposes authorized by the Order.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this action.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including contempt, for such a failure.

I further agree to be subject to the jurisdiction of the Court in any proceeding to enforce this Order.

Dated: _____

By: _____

Printed Name: _____

Subscribed and sworn to before me

this ____ day of _____

_____
Notary Public